IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 18-290 |
| | ) |
| ELIJAH WINCHESTER | ) |

## UNITED STATES' SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for said district, and respectfully submits the following Sentencing Memorandum to assist the Court in imposing a fair, reasonable, and just sentence.

### I.   BACKGROUND

The offense conduct as described in the Presentence Investigation Report accurately states the Defendant's criminal conduct. As such, the United States incorporates the offense conduct by reference herein.

### II. ARGUMENT

#### A.   Sentencing Procedure

The Third Circuit in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), has required district courts to follow a three step procedure when imposing a sentence. First, the district court must calculate the defendant's Sentencing Guidelines range without regard to departure motions. Id. at 247. In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision. United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc). Second, the court must rule on the parties' motions for upward or downward departures. Id. Third, the district court must consider the factors enumerated in §

3553(a), and exercise its discretion to craft a sentence that is appropriate under the circumstances of each particular case. Id. At the third step of the sentencing process, the court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. "[A] wrote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it." Cooper, 437 F.3d 324, 329 (3d Cir. 2006) See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties arguments and has a reasoned basis for exercising his own legal decision making authority.); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

### B. Consideration Of The 3553(a) Factors

#### 1. The Nature, Circumstances and Seriousness of the Offense

As the Court is aware, the Defendant pleaded to, and is being sentenced for, possession of child pornography. While this crime is extremely serious, it actually minimizes the extent of the defendant's conduct. The child pornography at issue did not involve nameless victims acquired over the internet, as many child pornography cases do. Rather, the victim in this case is a fourteen year girl who the defendant knows and preyed upon for his own sexual gratification. The defendant possessed 14 explicit pornographic videos of the victim from multiple sexual encounters between him and the victim. Moreover, the defendant had been engaged in sexual activity with the minor victim for months prior to his arrest. In fact, the victim admitted to law enforcement that the sexual activity with the defendant started in approximately late December 2018, when she was just 13 years-old.

**2. History and Characteristics of the Defendant**

The defendant is a high school dropout and, despite his age, has had multiple encounters with law enforcement prior to the charge at issue. At least one of those charges was the result of violence. Moreover, the defendant currently has numerous state charges pending related to his sexual assault of the minor victim in this case. One of the charges alleges that, during the course of an argument, the defendant pointed a loaded handgun at the minor victim's head. The defendant's history and characteristics weigh in favor of a heavy sentence.

**3. Promote Respect for the Law and Provide Just Punishment**

Based on the seriousness of the Defendant's conduct, a firm sentence is warranted to promote respect for the law.

**4. Adequate Deterrence**

Given the defendant's dangerous criminal conduct, a significant sentence is needed to deter the defendant from future crime. Additionally, with regard to third party deterrence, potential criminal actors need to know that crimes against children will not be tolerated and will be met with severe consequences.

**5. To Protect the Public From Future Crimes of the Defendant**

The defendant is a child predator with a history of violence. As mentioned above, he also is accused in state court of pointing a loaded gun at the minor victim's head during an angry confrontation. The public needs and deserves to be protected from the defendant's actions.

**6. Restitution**

As of the date of this memo, the victim has not submitted a restitution request. Should this change, the United States will notify the Court.

### 7. Conclusion

The defendant's guideline range in this case is 135-168 months, which is well above the statutory maximum of 10 years. For the reasons discussed above, the United States respectfully submits that the defendant should be sentenced to the statutory maximum of 10 years in prison. The statutory maximum is significantly lower than the guideline range, and there is simply no basis for a variance below the statutory maximum.

For all of the foregoing reasons, the United States respectfully requests that the Court impose a sentence of ten years in prison.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

/s/ Lee J. Karl
LEE J. KARL
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 644-3500 (Phone)
(412) 644-4549 (Fax)
Lee.Karl@usdoj.gov
PA ID No. 87856